**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:05-CR-83 |
| | ) | 2:13-CV-47 |
| THOMAS FISHER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Correct Sentence Pursuant to 28 U.S.C. 2255, filed by Defendant, Thomas Fisher, on January 30, 2013 (DE #40). For the reasons set forth below, the motion is **GRANTED**. Fisher's sentence is **HEREBY CORRECTED** to reflect a sentence of **110 months on each of Counts One and Two, to be served concurrently.** Additionally, the Clerk is **ORDERED** to mail a copy of this order to the Bureau of Prisons.

BACKGROUND

On August 10, 2005, Defendant, Thomas Fisher, entered into a plea agreement for Count One of the information charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and Count Two of the information charging him with knowingly possessing a stolen firearm in violation of 18 U.S.C. §

922(j).  (*See* Amended Plea Agreement, DE #23.)   He was sentenced on December 20, 2005, to 180 months on each of counts one and two, to be served concurrently.  (DE #26.)

Fisher's calculated guideline range was actually 110-137 months, but the parties agreed to an above-guideline sentence of 15 years pursuant to the plea agreement based upon the belief that this sentence would be served concurrent to any sentence Fisher might receive on collateral state matters.  At the time of Fisher's sentencing before this Court, he had been charged in state court with various related charges, but no disposition had been achieved. Fisher and the Government agree that it was anticipated that Fisher would receive either no sentence of imprisonment, or a sentence which would not exceed the 15 years he received in this Court, to be served concurrent with the federal sentence.  Fisher cooperated with the Government and its agents after his arrest in state court. Additionally, the parties agreed it would be best for the defendant to serve his incarceration in the Federal Bureau of Prisons rather than the State Department of Corrections.

Surprisingly, Fisher received a sentence of 30 years in the state proceeding (15 years with good time credit pursuant to Indiana's good time credit rule), which the state court ordered concurrent to the federal sentence.  The Bureau of Prisons declined to accept the state sentence as concurrent, and refused to put Fisher in federal custody until his 30 year state sentence was

served. In other words, the Bureau of Prisons required Fisher to serve the sentences consecutively.

Ultimately, the defense attorney and state prosecutor worked out an agreement reducing the state sentence to 3,034 days executed (1,528 days with good time earned credit.) (*See* Joint Motion to Modify Sentence filed in state court, DE #40-1.) Fisher was then remanded to the Federal Bureau of Prisons.

Currently, Fisher is listed on the Federal Bureau of Prisons' website as having a release date of August 23, 2024. Thus, the Bureau of Prisons is continuing to run Fisher's federal sentence consecutive to his state sentence. Fisher contends, and the Government concurs, that because the Bureau of Prisons is running Fisher's federal sentence consecutive to his state time, the resultant sentence is over 5 years longer than the Court and the parties intended at the time of the federal sentencing.

Thus, Fisher requests the Court correct his sentence under 28 U.S.C. § 2255(a) to reflect a corrected sentence of 110 months which is within the mandatory guideline range in effect at the time of sentencing and satisfies the intent of the Court and the parties at the time of sentencing. (*See* DE #40.)

In its response, the Government states that:

> As explained in the defendant's motion to correct sentence, all parties involved in this case (both at the state and federal level) believe that, given the current posture of the situation, the best course of action is to correct [the defendant's sentence] to a sentence of 110 months imprisonment

>           on each of the two counts of conviction, to run
>           concurrent to each other, which was within the
>           original guideline range at sentencing. Such a
>           corrected sentence is fair, reasonable, just, and
>           not in excess of the statutory maximum.

(DE #41, p. 1.)


## DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.* Here, the parties argue Fisher's sentence is otherwise subject to collateral attack to effectuate the parties' intent as well as the Court's will at the time of sentencing.

The Government states that "[t]o the extent that this motion may have been brought past the one year deadline for motions under Section 2255, the government is knowingly and intentionally relinquishing any statute of limitations defense under 28 U.S.C. Section 2255." (DE #41, p. 2.) The one year statute of limitations for state prisoners "is not jurisdictional" but instead "an affirmative defense that the state bears the burden of

4

asserting." *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Such a waiver is acceptable and indeed, this Court is bound to follow it. *See Wood v. Milyard,* 132 S. Ct. 1826, 1835 (2012) (finding appellate court abused discretion in considering the timeliness of a federal habeas petition where the state made a deliberate decision to intentionally waive the statute of limitations defense); *Day v. McDonough*, 547 U.S. 198, 199 (2006) (noting it "would count it an abuse of discretion to override a State's deliberate waiver of the limitations defense."). Because the Government has made a deliberate waiver of the statute of limitations defense, the Court reaches the merits of Defendant's argument.

The Court believes it is proper to adjust Fisher's sentence under 28 U.S.C. § 2255(a) to reflect a corrected sentence of 110 months, which is within the mandatory guideline range in effect at the time of sentencing, and satisfies the intent of the Court and the parties at the time of sentencing. It was never the intent of the Court for Fisher to serve more than 15 years in prison, and even the state court ordered that the state sentence should be served concurrent. Because the Bureau of Prisons refused to accept the state sentence as concurrent, it undermined the intent of all parties and this Court in sentencing Fisher. A corrected sentence is necessary - it is just and fair, and within the original guideline range at sentencing.

CONCLUSION

For the aforementioned reasons, the Motion to Correct Sentence Pursuant to 28 U.S.C. 2255, filed by Defendant, Thomas Fisher, is **GRANTED**. Fisher's sentence is **HEREBY CORRECTED** to reflect a sentence of **110 months on each of Counts One and Two, to be served concurrently.** Additionally, the Clerk is **ORDERED** to mail a copy of this order to the Bureau of Prisons.


**DATED: February 13, 2013**          /s/ RUDY LOZANO, Judge
                                      **United States District Court**